UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHAWNELLIAS BURGESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-00737 |
| | ) | Judge Echols/Brown |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

**I.     INTRODUCTION**

Defendant Bank of America has filed a Motion to Enforce Settlement Agreement. (Docket Entry No. 29). For the reasons stated below, the Magistrate Judge **recommends** that the Defendant's motion be **granted**, enforcing the parties' settlement agreement with the material terms as listed in Docket Entry 30, Exhibit 3. Specifically, the Magistrate Judge **recommends** that an order be entered in accordance with these material terms and the Plaintiff's case be dismissed with prejudice. Further, the Plaintiff has filed a motion requesting that the Magistrate Judge issue a written order for the basis of his decision on the instant motion. (Docket Entry 36). This is obviously moot as the Magistrate Judge always provides written reasons in a report and recommendation. Further, the Magistrate Judge is recommending that the Defendant's motion be granted and that Plaintiff's case be dismissed with prejudice. Therefore, Plaintiff's other requests,

1

including a demand for his application file and for attorney fees,[1] is **DENIED.**

## II. BACKGROUND

The background of this case is very succinctly set out in the Defendant's memorandum of support and accompanying exhibits of the parties entire email exchange.[2] (Docket Entry 30, Pages 1-3). As such, the Magistrate Judge need not repeat it here at length.

## III. LEGAL DISCUSSION

The existence of a valid settlement agreement "is not diminished by the fact that the parties have yet to memorialize the agreement." *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.2d 633, 646 (6th Cir. 2001). It is well established that courts retain the inherent power to enforce agreements entered into in settlement of the litigation pending before them, even if that agreement has not been reduced to writing or arrived at in the presence of the court. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (quoting *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988); *Bowater North America Corp. v. Murray Machinery, Inc.*, 773 F.2d 71, 76-77 (6th Cir. 1985). This inherent power derives from the policy favoring the settlement of disputes and the avoidance

---

[1] The Magistrate Judge notes that attorney fees for *pro se* litigants are generally not awarded. *Sheffield v. Secretary of Health and Human, Services*, 983 F.2d 1068 (6th Cir. 1992). See also 14 ALR 5th 947 and 32 Am.Jur.2d Federal Court § 252.

[2] The Magistrate Judge would note that the Plaintiff has provided an incomplete email log in his response, specifically excluding the email where he states unequivocally, "I agree to the terms listed. Shawnellias Burgess." Docket Entry 34, Exhibits 1-3 and compare to Docket Entry 30, Exhibit 3. Whether the Plaintiff purposefully attempted to mislead the Court by failing to include this extremely relevant email is unclear. However, it would appear the Magistrate Judge that the Plaintiff excluded only those emails which demonstrate that he actually wrote "I agree to the terms listed." Further, the emails that Plaintiff did produce are placed in such an order as to make it seem like no other emails were exchanged and that Plaintiff never gave a firm answer. Also, Plaintiff includes those emails that were sent both before and after the email where he states, "I agree to the terms listed." As such, this leads the Magistrate Judge to believe that the Plaintiff was purposefully attempting to mislead the Court. In the future, the Plaintiff should know that providing incomplete information does not bolster his case.

of costly and time-consuming litigation. *Kuhkla v. Nat'l Distillers Prods., Co.,* 483 F.2d 619, 621 (6th Cir. 1973). Courts should uphold settlements whenever equitable and policy considerations allow. *Aro Corp. V. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976).

To enforce a settlement agreement, a District Court must conclude that agreement has been reached on all material terms. *Re/Max Int'l, Inc.,* 271 F.2d at 645-46. "The intent of the parties when entering a settlement agreement is an issue of fact to be decided by the District Court." *Brown v. County of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989)(citing *Jennings v. Metro. Gov't of Nashville,* 715 F.2d 1111, 1114 (6th Cir. 1983). If the parties reached agreement on all material terms, then existing precedent "dictates that only the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement." *Brown*, 872 F.2d at 174. More importantly, once a settlement is reached, it is the party challenging the settlement who bears the burden of showing that the settlement contract was invalid based on fraud or mutual mistake. *Id.* (citing *Callen v. Pennsylvania R. Co.*, 332 U.S. 625,630 (1948)).

This matter could not be more clear to the Magistrate Judge. The Defendant sent an offer in an email containing the material terms of the agreement, stating that upon Plaintiff's acceptance of this offer, a written settlement agreement would then be drafted within a few days containing the material terms and "general boilerplate language." (Docket Entry 30, Exhibit 2). It appears from this email that the parties had previously come to an oral agreement in an earlier telephone conversation and that this email exchange was simply to memorialize that oral agreement in writing prior to defense counsel informing the Magistrate Judge that the case management conference scheduled for the next day would not be needed because a settlement had been reached. (Docket Entry 30, Exhibit 2). In response to this email, the Plaintiff wrote back less than two minutes later,

3

"I agree to the terms as listed. Shawnellias Burgess." (Docket Entry 30, Exhibit 3). Less than 15 minutes later, defense counsel wrote an email to the Plaintiff stating,

> "Great. I just got off the phone with Judge Brown's clerk who confirmed with him that we don't have to show up tomorrow and that an order will be put down requiring us to dismiss in seven days. I'll shoot you a draft agreement tomorrow. In the mean time, can you fill out the attached W-9 from (your name and SSN)? BOA requires a signed settlement agreement and completed W-9 before they will process the check. Thanks."

Over an hour later, at 6:23 PM, the Plaintiff then advised the Defendant that he had now reviewed additional statutes and wanted defense counsel to go back to her client and "up the ante" to which defense counsel responded that the Plaintiff had already sent a confirmation of his acceptance and that she would be forced to file a motion with the Court to enforce the agreement if Plaintiff intended to revoke the settlement. (Docket Entry 30, Exhibit 5 and Exhibit 6).

Plaintiff has shown no fraud or mutual mistake and thus there is no basis for finding that a settlement agreement was not reached. *Brown*, 872 F.2d at 174. Instead, Plaintiff argues in his response to the instant motion that the Defendant does not have possession of his application and file which weakens it's case and that defense counsel is attempting to use negotiations as a basis for obtaining the smallest liability for her client. Plaintiff has provided no evidence that the Defendant misled the Plaintiff about whether or not it has his file. Further, this issue should have been considered by the Plaintiff prior to him accepting the Defendant's offer. Also, it is clearly any defense counsel's duty to obtain the smallest liability for his or her client just as it is a plaintiff's counsel's duty to obtain the largest settlement for his or her client. Plaintiff did not produce any evidence that defense counsel misled him about the law in any way to induce him to settle for a smaller amount.

Plaintiff further argues that defense counsel misled the Court by stating that she had a signed

4

settlement agreement. This is simply not true. Defense counsel informed the Court that a settlement had been reached and was in writing. As evidenced by the above emails, this is true. A more formal written agreement had not yet been completed but the material terms of a settlement agreement had been agreed upon and were in writing.

As such, the parties have clearly reached a valid and binding settlement agreement that should be fully enforced by this Court.

**IV. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **recommends** that the Defendant's motion be **granted**, enforcing the parties' settlement agreement with the material terms as listed in Docket Entry 30, Exhibit 3. Specifically, the Magistrate Judge **recommends** that an order be entered in accordance with these material terms and the Plaintiff's case be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** the 26th of October, 2009.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge